

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 31, 2015**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NED GENE SMITH and | § | Case No. 14-10247-RLJ-7 |
| DORIS MARY SMITH, | § | |
| | § | |
| Debtors. | § | |

### MEMORANDUM OPINION AND ORDER

      Section 523 of the Bankruptcy Code provides that certain types of debts are not discharged by the general discharge granted an individual debtor in a chapter 7 bankruptcy case. It, along with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, provides further, however, that certain of the non-dischargeable debts—those for fraud or similar conduct by the debtor—are discharged by the general discharge unless the creditor to whom the debt is owed timely objects to its

dischargeability.  *See* 11 U.S.C. § 523(c) and Fed. R. Bankr. P. 4007(c).  Such action must be taken by the filing of a formal adversary proceeding within 60 days of the first meeting of creditors.  *See* Fed. R. Bankr. P. 4007(c).

Ned and Doris Smith filed this chapter 7 case on December 30, 2014; the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Doc. No. 7] was issued on January 2, 2015. The Notice states that the deadline for filing objections to the Smiths' discharge or the dischargeability of a particular debt was April 7, 2015.  Jack and Sherry McCoy are purported creditors of the Smiths; they contend that they were defrauded by the Smiths in connection with the purchase of a motor home and, as a result, are owed in excess of $120,000.  They received the Notice and timely filed a proof of claim in the case reflecting their claim as an unsecured claim. They failed to timely file a complaint objecting to the dischargeability of the debt, however.  The discharge was issued to the Smiths on April 9, 2015.  Despite this, the McCoys are here now requesting an extension of time to file their complaint.  They submit, through counsel, that counsel does not regularly practice bankruptcy law and was simply unaware of the requirement to file a formal complaint objecting to the dischargeability of their claim.  They do not contend that they did not receive timely notice of the bankruptcy or that they were misled in any way by the Smiths. They say that neither the trustee nor other creditors oppose the relief they are requesting.  The Smiths obviously oppose the relief, submitting that neither the Code and Rules nor case law allow for an extension of time to file an objection under these circumstances.

The Smiths are correct.  It is important to first note that § 523(c) and Rule 4007(c) apply exclusively to debts that are non-dischargeable under §§ 523(a)(2), (a)(4), and (a)(6), which, generally, address fraud-based or willful and malicious conduct by a debtor.  These are precisely the causes and provisions alleged by the McCoys here. Rule 4007(c) states that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed [for filing a

Page 2

complaint]. *The motion shall be filed before the time has expired.*" Fed. R. Bankr. P. 4007(c) (emphasis added). Rule 9006(b) provides for the possible enlargement of time under the rules when the failure to act was the result of excusable neglect. Subsection (3) provides further, however, that the court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in" such rule. Fed. R. Bankr. P. 9006(b)(3). Even were the excusable neglect standard to apply, the McCoys have not raised any facts or circumstances that would satisfy the excusable neglect standard. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court finds no basis for granting the relief requested by the McCoys; their motion will be denied.

    SO ORDERED.

### End of Memorandum Opinion and Order ###